# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | |
|---|---|
| DYESS HEATING & AIR CONDITIONING, INC., | ) |
| Petitioner, | ) Civil Action File No. _____ |
| v. | ) |
| ANSUR AMERICA INSURANCE COMPANY, FRANKENMUTH MUTUAL INSURANCE COMPANY, MARY LOCKNER, and ROBERT LOCKNER, | ) |
| Respondents. | ) |

## VERIFIED PETITION FOR DECLARATORY JUDGMENT

COMES NOW Dyess Heating & Air Conditioning, Inc., Petitioner in the above-styled matter, and files this Verified Petition for Declaratory Judgment against Ansur America Insurance Company, Frankenmuth Mutual Insurance Company, Mary Lockner, and Robert Lockner, Respondents, and respectfully shows the Court as follows:

### I. THE PARTIES

1.

Petitioner Dyess Heating & Air Conditioning, Inc., ("Dyess") is a corporation formed and existing under the laws of the State of Georgia with its principal place of business at 4479 US-280, Claxton, GA 30417.

2.

Respondent Ansur America Insurance Company ("Ansur") is a corporation formed and existing under the laws of the State of Michigan with its principal office located in the State of Michigan. Respondent Ansur may be served with process through its registered agent for service

of process in the State of Georgia, Linda Banks, at 289 S. Culver Street, Lawrenceville, Georgia 30046-4807.

3.

Respondent Frankenmuth Mutual Insurance Company ("Frankenmuth") is a corporation formed and existing under the laws of the State of Michigan with its principal office located in the State of Michigan. Respondent Frankenmuth may be served with process through its registered agent for service of process in the State of Georgia, Linda Banks, at 289 S. Culver Street, Lawrenceville, Georgia 30046-4807.

4.

Respondent Mary Locker is a resident and citizen of Bulloch County, Georgia, and may be served with process at her last known address of 1326 Leefield Station, Brooklet, Georgia 30415.

5.

Respondent Robert Lockner is a resident and citizen of Bulloch County, Georgia, and may be served with process at his last known address of 1326 Leefield Station, Brooklet, Georgia 30415.

## II. JURISDICTION AND VENUE

6.

Petitioner realleges and incorporates paragraphs 1 through 5 of this Petition by reference with the same force and effect as if fully set forth herein.

7.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201, in that Petitioner is seeking declaratory relief from this Court regarding its rights and other legal obligations with respect to a commercial insurance policy issued by Respondents Ansur and Frankenmuth to Petitioner Dyess, policy number 6637579 ("Ansur insurance policy"). (Ex. A, Ansur Commercial Insurance Policy).

8.

Respondents Ansur and Frankenmuth contest Petitioner's position in regard to its rights and obligations under said Policy, and, therefore, a true and actual controversy exists between the parties. Furthermore, Respondents Mary and Robert Lockner's rights and legal obligations under said Policy are unclear, and therefore creates a true and actual controversy between the parties. Thus, the Court is vested, pursuant to 28 U.S.C. § 2201 with the power to declare the rights and obligations of the parties hereto, and to provide such other relief as may be necessary.

9.

Each Respondent is subject to the personal jurisdiction of this Court. This Court may exercise personal jurisdiction over Respondents Ansur and Frankenmuth by virtue of their registration and authority to do business in the State of Georgia.

10.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 by virtue of the fact that one or more Respondents reside in this Court's jurisdiction, contacts in this district are significant and sufficient, and the loss at issue occurred in this Court's jurisdiction.

### III. STATEMENT OF FACTS

11.

Petitioner realleges and incorporates paragraphs 1 through 10 of this Petition by reference with the same force and effect as if fully set forth herein.

12.

On or around October of 2020, Respondent Ansur issued a commercial insurance policy ("Ansur insurance policy") to Petitioner Dyess. The effective policy period at issue is 10/01/2020

to 10/01/2021. The Ansur insurance policy also included Commercial General Liability and Umbrella Coverages.

13.

Respondent Frankemuth is the parent company of Respondent Ansur.

14.

On October 27, 2015, Petitioner installed an HVAC system at the residence of Respondents Mary and Robert Lockner (the "Homeowners").

15.

After installing the HVAC system, Petitioner made maintenance checks and repairs on Respondent Homeowners' HVAC system between 2016 and 2021.

16.

On October 9, 2019, Petitioner received a service call from Respondent Homeowners regarding an HVAC leak and alleged damage to the floor, and on October 11, 2019, Petitioner serviced Respondent Homeowners' HVAC system and made the necessary repairs. (Ex. B, Dyess Service Invoice dated October 11, 2019).

17.

On May 10, 2021, Petitioner received a service call from Respondent Homeowners regarding alleged extensive sheetrock damage, and Petitioner reported to Respondent Homeowners' residence and took pictures of the alleged damages. (Ex. C, Dyess Service Invoice dated May 20, 2021).

18.

Petitioner denies any and all liability for Respondent Homeowners' alleged property damage and denies any acts or omissions of Dyess, caused or contributed to the cause of any of Respondent Homeowners' alleged property damage.

19.

On or about October 8, 2021, Petitioner timely reported Respondent Homeowners' claim to Respondents Ansur and Frankenmuth.

20.

Petitioner reported Respondent Homeowners' claim to Respondents Ansur and Frankenmuth as soon as practicable upon learning of the occurrence of the alleged property damage in 2021.

21.

Petitioner at all times complied with all material terms of its insurance contract with Respondents Ansur and Frankenmuth and complied with all conditions precedent to bringing this Verified Petition for Declaratory Judgment.

22.

On or about April 21, 2022, Respondent Frankenmuth sent a notice to Petitioner denying coverage and indemnification for Respondent Homeowners' property damage claim under the Ansur insurance policy. (Ex. D, Respondent Frankenmuth Notice Denying Coverage to Petitioner dated April 21, 2022).

## IV. ACTUAL CONTROVERSY

23.

Petitioner realleges and incorporates paragraphs 1 through 21 of this Petition by reference with the same force and effect as if fully set forth herein.

24.

This Petitioner seeks the declaration of rights and other legal relations of the interested parties and, requests Respondents Ansur and Frankenmuth provide insurance coverage and to the extent necessary, indemnify Petitioner for Respondent Homeowners' alleged property damage claim, and seeks a declaratory judgment by virtue of the provisions of the Declaratory Judgment Act (28 U.S.C. § 2201). This Petition also seeks declaratory relief pertaining to Respondent Homeowners' rights and other legal obligations relating to said policy.

25.

The case at bar presents a justiciable controversy under the Declaratory Judgment Act between the interested parties pertaining to Petitioner's rights under the Ansur insurance policy relating to the alleged occurrence and property damage claim. Specifically, the controversy pertains to the date of loss, the "occurrence," as defined by the Ansur insurance policy, the property damage, and Petitioner's duties in regard to reporting under the Ansur insurance policy, all as defined and governed pursuant to said policy.

## V. REQUEST FOR DECLARATORY JUDGMENT

26.

Petitioner realleges and incorporates paragraphs 1 through 25 of this Petition by reference with the same force and effect as if fully set forth herein.

27.

There is an actual and justiciable controversy presented by the facts stated herein which creates uncertainty and insecurity on the part of the Petitioner with respect to its rights to coverage and if necessary, indemnification under the Ansur insurance policy. There is also an actual justiciable controversy regarding Respondent Homeowners' rights and other legal obligations relating to said policy. The facts stated herein set forth an immediacy of choice imposed upon Respondents so as to justify and require an adjudication of this controversy by construction of the terms of the Ansur insurance policy for the guidance of the same and protection of the Petitioner.

28.

Petitioner seeks a declaration from this Court that Respondents Ansur and Frankenmuth provide insurance coverage, and if necessary, indemnification of Dyess under policy number 6637579 for the alleged property damage of Mary and Robert Lockner as set forth above.

## VI. BREACH OF CONTRACT

29.

Petitioner realleges and incorporates paragraphs 1 through 28 of this Petition by reference with the same force and effect as if fully set forth herein.

30.

Petitioner entered into an insurance contract with Respondents Ansur and Frankenmuth on or about October 2020, to provide commercial insurance coverage under the terms of said policy.

31.

Respondents Ansur and Frankenmuth breached their contract with Petitioner by refusing to provide coverage for Respondent Homeowners' alleged property damage, as set forth above.

32.

Petitioner has incurred damages as a result of Respondents Ansur and Frankemuth's breach of contract, as set forth above.

WHEREFORE, Petitioner prays:

(a) That process issue terms of law requiring Respondents to answer the above-styled petition in a timely manner following personal service;

(b) That the Court grant Petitioner's Petition for Declaratory Judgment;

(c) That the Court rule in favor of Dyess in regard to its claim for breach of contract;

(d) That the Court award attorney's fees and expenses to Dyess; and

(e) That Petitioner has such other and further relief as the court deems just and proper.

THIS 8th day of May, 2023.

OLIVER MANER LLP

*/s/ R. Benjamin Lingle*
R. BENJAMIN LINGLE
Georgia Bar No. 390252

P.O. Box 10186
Savannah, GA 31412
T: (912) 236-3311
F: (912) 236-8725
blingle@olivermaner.com               Attorney for Petitioner